UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS KENNETH WILLIAMS,<br><br>                      Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>                      Defendant. | CASE NO. C16-5382-MAT<br><br>ORDER RE: MOTION FOR EQUAL<br>ACCESS TO JUSTICE ACT FEES |

INTRODUCTION

Plaintiff filed a motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and costs under 28 U.S.C. § 1920. (Dkt. 23.) He seeks $7,032.82 in attorney's fees, $4.77 in expenses, and $419.00 in costs. The Commissioner concedes plaintiff's entitlement to fees, expenses, and costs, but seeks a thirty percent reduction of the fee request. (Dkt. 25.) The Court, for the reasons set forth below, concludes plaintiff's motion should be GRANTED in part, and plaintiff awarded the expenses and costs requested, and a reduced amount of attorney fees.

DISCUSSION

Under EAJA, the Court awards fees and expenses to a prevailing party in a suit against the

ORDER
PAGE - 1

government unless it concludes the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Having secured a remand of this matter, plaintiff is the prevailing party. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). There are no special circumstances that would make an award unjust and, as conceded by the Commissioner, the government's position was not substantially justified.

The Commissioner asks that the Court reduce the fee request by thirty percent. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) ("A district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation.") The Commissioner objects to the billing of 9.2 hours for drafting a reply brief "which was largely copied verbatim from the opening brief." (Dkt. 25 at 2.)[1]

Plaintiff maintains a reasonable number of hours – 36.5 hours in total – expended in this case and that the reply brief addressed defendant's arguments. He asserts time spent reviewing defendant's brief, citations to the record, and cases cited, as well as researching additional argument and editing arguments for persuasiveness and compliance with page limitations. Plaintiff notes the Ninth Circuit's recognition that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008)

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

---

[1] The Commissioner inaccurately states plaintiff did not contend his fee request was reasonable. (*See* Dkt. 25 at 2 and Dkt. 24 at 3 ("The Amount of the Attorney's Fees Requested is Reasonable."))

ORDER
PAGE - 2

reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Id*. at 434. The Court must also consider the results obtained when determining whether the fees requested by a prevailing party for an unsuccessful appeal are reasonable. *Atkins v. Apfel*, 154 F.3d 986, 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. 424).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437. However, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The Commissioner here maintains the fee request is not reasonable in seeking compensation for 9.2 hours spent on a reply brief largely copied verbatim from the opening brief. A comparison of the opening and reply briefs provides support for this contention. (*Compare* Dkt. 15, *with* Dkt. 20.) That is, while the reply brief does contain some argument responsive to the Commissioner's brief, it largely reiterates arguments previously raised and includes a number of sections taken verbatim from the opening brief. (*See id*.) The Court, therefore, agrees a reduction in fees appropriate. However, rather than a thirty percent reduction in the total fees sought, the Court finds it appropriate to reduce the time spent on the reply brief by three hours.

The Court otherwise finds no basis for concluding the hours devoted to this case were unreasonable. *See generally Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (court may consider the fact many district courts have "noted that twenty to forty hours is the range most often requested and granted in social security cases", but should not "apply a de facto policy"

ORDER
PAGE - 3

limiting claimants to that range of hours in "'routine' case."; determination of amount of time spent "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained.")  Imposing the three-hour reduction to the 36.5 hours spent in total on this matter, plaintiff is entitled to attorney's fees for 33.5 hours, amounting to a reduction of $578.04 and an award of $6,454.78.

## CONCLUSION

Plaintiff's motion (Dkt. 23) is GRANTED in part.  The Court herein finds plaintiff entitled to an award of attorney's fees in the amount of $6,454.78, $4.77 in expenses, and $419.00 in costs.  Subject to any offset allowed under the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of the award should be made to plaintiff's attorney.  The Clerk shall send copies of this Order to the parties.

DATED this 17th day of July, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 4